FILED

NOT FOR PUBLICATION

FEB 15 2017

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FOREMOST INSURANCE COMPANY GRAND RAPIDS, a Michigan Corporation, | Nos. 15-55869<br>15-55988 |
| Plaintiff-counter-defendant-Appellee-Cross-Appellant, | D.C. No.<br>3:13-cv-01604-H-DHB |
| v. | |
| BENJAMIN EVANS, | MEMORANDUM* |
| Defendant, | |
| and | |
| JIMMY ENRIQUEZ, | |
| Defendant-counter-claimant-Appellant-Cross-Appellee. | |

Appeals from the United States District Court
for the Southern District of California
Marilyn L. Huff, District Judge, Presiding

Argued and Submitted February 7, 2017
Pasadena, California

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: GRABER, BYBEE, and CHRISTEN, Circuit Judges.

Jimmy Enriquez appeals the entry of partial summary judgment in favor of Foremost Insurance Company Grand Rapids on Foremost's duty to indemnify Enriquez for personal injury claims arising out of a motocross motorcycle accident and Enriquez's counterclaims for breach of contract and breach of the covenant of good faith and fair dealing. Foremost cross-appeals the district court's order granting summary judgment to Enriquez on Foremost's duty to defend Enriquez and Foremost's unjust enrichment claims against Enriquez.

We have jurisdiction under 28 U.S.C. § 1291. California substantive law governs the interpretation of insurance policy provisions in this diversity case. *Stanford Univ. Hosp. v. Fed. Ins. Co.*, 174 F.3d 1077, 1083 (9th Cir. 1999) (citing 28 U.S.C. § 1652). "We review cross-motions for summary judgment de novo," *Bader v. N. Line Layers, Inc.*, 503 F.3d 813, 816–17 (9th Cir. 2007), and we affirm.

1. The district court correctly concluded that Foremost did not have a duty to indemnify Enriquez. The insurance policy excluded the bodily injury claims brought against Enriquez because they "ar[ose] out of the ownership, operation, maintenance, use, loading or unloading of . . . [a] recreational land motor vehicle," the "entrustment" of such vehicle to another person, and the

"negligent supervision" by Enriquez of another person using such a vehicle. Enriquez did not put forth sufficient evidence to create a genuine dispute of material fact about whether a concurrent independent act, such as fireworks or the proximity of Enriquez's truck and trailer to the road, caused the accident. *See Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1061 (9th Cir. 2011) ("To survive summary judgment, a plaintiff must set forth non-speculative evidence of specific facts, not sweeping conclusory allegations."); *see also State Farm Mut. Auto. Ins. Co. v. Partridge*, 514 P.2d 123, 129 (Cal. 1973) (holding that, when an insured risk and an uninsured risk constitute concurrent independent causes of an injury, "the insurer is liable so long as one of the causes is covered by the policy").

Enriquez's waiver and estoppel arguments fail. Foremost consistently and directly informed Enriquez that it was defending him under a reservation of rights in numerous letters and phone calls, and an in-house attorney's potentially conflicting statements in two instances do not rise to the level of waiver. *See Waller v. Truck Ins. Exch., Inc.*, 900 P.2d 619, 637 (Cal. 1995) ("California courts will find waiver when a party intentionally relinquishes a right or when that party's acts are so inconsistent with an intent to enforce the right as to induce a reasonable belief that such right has been relinquished." (quoting *Intel Corp. v. Hartford Acc. & Indem. Co.*, 952 F.2d 1551, 1559 (9th Cir. 1991)). Estoppel cannot create

3

coverage where none exists. *Advanced Network, Inc. v. Peerless Ins. Co.*, 119 Cal. Rptr. 3d 17, 27 (Ct. App. 2010) ("[I]t is the general and quite well settled rule of law that the principles of estoppel and implied waiver do not operate to extend the coverage of an insurance policy after the liability has been incurred or the loss sustained." (alteration in original) (internal quotation marks omitted)).

2.      The district court did not err by concluding that Foremost is not entitled to reimbursement for the cost of settling the underlying action, because Foremost did not comply with all the prerequisites for seeking reimbursement of a noncovered claim under *Blue Ridge Insurance Co. v. Jacobsen*, 22 P.3d 313 (Cal. 2001).

3.      The district court correctly concluded that Foremost had a duty to defend Enriquez. *See Hartford Cas. Ins. Co. v. Swift Distribution, Inc.*, 326 P.3d 253, 258 (Cal. 2014) (holding that insurers owe a duty to defend against a claim that is potentially covered, even if the claim is ultimately not covered under the policy). "The defense duty arises upon tender of a potentially covered claim and lasts until the underlying lawsuit is concluded, or until it has been shown that there is no potential for coverage." *Scottsdale Ins. Co. v. MV Transp.*, 115 P.3d 460, 466 (Cal. 2005). "Determination of the duty to defend depends, in the first instance, on a comparison between the allegations of the complaint and the terms of the policy.

But the duty also exists where extrinsic facts known to the insurer suggest that the claim may be covered." *Id.* (citation omitted).

Here, the original complaint in the underlying action alleged only negligent supervision, which was potentially covered by the insurance policy. It did not mention a recreational motor vehicle. Foremost knew of the police report, which described the accident as occurring on a recreational motor vehicle, but other extrinsic facts could have allowed for coverage, including Enriquez's theory that the ambulance driver was distracted by the truck and trailer or by fireworks. *See N. Ctys. Eng'g, Inc. v. State Farm Gen. Ins. Co.*, 169 Cal. Rptr. 3d 726, 739 (Ct. App. 2014) ("If coverage depends on an unresolved dispute over a *factual* question, the very existence of that dispute would establish a possibility of coverage and thus a duty to defend."). Foremost had a duty to defend Enriquez at least "until it ha[d] been shown that there is no potential for coverage" and is not entitled to reimbursement for defense costs. *See Scottsdale*, 115 P.3d at 466.

4.      The district court did not err by concluding that Foremost is not liable for breach of contract or breach of the covenant of good faith and fair dealing, because the insurance policy did not provide coverage. *See Kransco v. Am. Empire Surplus Lines Ins. Co.*, 2 P.3d 1, 14 (Cal. 2000) ("[W]ithout coverage there can be no liability for bad faith on the part of the insurer."); *Ward Gen. Ins. Servs., Inc. v.*

5

*Empl'rs Fire Ins. Co.*, 7 Cal. Rptr. 3d 844, 853 (Ct. App. 2004) ("Since no coverage was provided by the policy, defendant's denial of coverage manifestly was a breach of neither the contract nor the covenant of good faith and fair dealing.").

**AFFIRMED.**